# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX EMRIC JONES, | : |
|     *Plaintiff,* | : Dkt. No.: 1:21-cv-03316-CRC |
| v. | : |
| SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6 ATTACK ON THE UNITED STATES CAPITOL; | : |
| NANCY PELOSI, in her official capacity as Speaker of the U.S. House of Representatives; | : |
| BENNIE G. THOMPSON, in his official capacity as Chair of the Select Committee To Investigate the January 6th attack on the United States Capitol; | : |
| ELIZABETH L. CHENEY, in her official Capacity as a member of the U.S. House of Representatives; | : |
| ADAM B. SCHIFF, in his official Capacity as a member of the U.S. House of Representatives; | : |
| JAMES B. RASKIN, in his official Capacity as a member of the U.S. House of Representatives; | : |
| SUSAN E. LOFGREN, in her official capacity as a member of the U.S. House of Representatives; | : |
| ELAINE G. LURIA, in her official capacity as a member of the U.S. House of Representatives; | : |
| PETER B. AGUILAR, in his official capacity as a member of the U.S. House of Representatives; | : |

| | |
|---|---|
| STEPHANIE MURPHY, in her official Capacity as a member of the U.S. House of Representatives; | : <br> : <br> : <br> : |
| ADAM D. KINZINGER, in his official capacity as a member of the U.S. House of Representatives; | : <br> : <br> : <br> : |
| *Defendants*. | :       FEBRUARY 15, 2022 |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND COMPLAINT AND JOIN TIM ENLOW PURSUANT TO FRCP 15 AND 20

The Plaintiff, Alex Emric Jones, and Timothy D. Enlow submit this statement of points and authorities in support of their motion to amend the complaint and join Tim Enlow as a plaintiff to this action pursuant to Fed. R. Civ. P. 15 and 20. This relief is particularly appropriate here as the Defendants have targeted Enlow to gain information and documents that they could not obtain from Jones in a Congressional investigation that bears the hallmarks of a federal prosecutorial investigation rather than a legitimate legislative inquiry. Adding to the compelling necessity for relief is that Enlow is an employee of Jones' media company – Free Speech Systems, LLC – and the Defendants' targetting of Enlow seeks information documents that the Defendants have been unable to obtain from Jones as he asserts his constitutional rights.

### Background

On January 6, 2021, supporters of then-President Donald Trump gathered in protest of the certification of the Electoral College votes that would confirm President Joseph Biden as the next president of the United States. Dkt. 1., ¶ 19. A large group of protestors entered the United States Capitol, breached security, and disrupted the counting of Electoral College votes until order was restored. *Id*. The United States

Department of Justice charged more than 500 individuals for their activities on January 6, 2021, including an employee of the Plaintiff Alex Jones – Owen Shroyer. *Id*.

Unsatisfied with these prosecutions, the House of Representatives created the Defendant Select Committee to investigate the events of January 6, 2021, which it characterized as an act of domestic terrorism. *Id*. at ¶¶ 20-24. From its inception, the Defendants made clear that the Select Committee was primarily interested in securing individual determination of guilt or innocence – an objective that the Constitution squarely reserves for the Article II executive and the Article III judiciary. *Id*. at ¶¶ 43-44.

On November 22, 2021, the Defendants issued a subpoena to Alex Jones ordering him to produce documents to the Select Committee by December 6, 2021 and to testify at a deposition on December 18, 2021. *Id*. at ¶ 55. Jones raised a number of constitutional objections to both the deposition subpoena and the document subpoena, but he offered to submit documents and answer written questions with written responses. *Id*. at ¶ 57. He subsequently provided limited document production and asserted his constitutional right to remain silent at a rescheduled deposition.

Concurrently to its November 22, 2021 subpoena to Jones directly, the Defendants issued a subpoena to AT&T seeking virtually every phone call and text that Jones made between November 1, 2020 and January 31, 2021. *Id*. at ¶ 61. Jones initiated this action to prevent AT&T from producing his communications and to forestall any attempt by the Defendants to hold him in criminal contempt of the House of Representatives. Upon information and belief, AT&T did not produce Jones' communications to the House of Representatives because of this lawsuit.

Frustrated by Jones' efforts to protect his constitutional rights, the Defendants employed a tactic that they have used throughout the Select Committee's proceedings. They issued a subpoena for the communications of one of Jones' employees, Tim Enlow, who they assumed was less financially able to defend himself against the subpoena. The purpose of this subpoena was to obtain, by third-party disclosure, the communications that Jones had refused to produce to the Select Committee and sought this Court's intervention to protect his constitutional rights. *See* **Exhibit A – Proposed Amended Complaint, ¶ 69.**

Alex Jones owns a media company named Free Speech Systems, LLC. *See* **Exhibit A – Proposed Amended Complaint, ¶ 2.** Free Speech Systems, LLC has employed Tim Enlow as a security operations manager since December 2018. *Id*. at ¶ 3. On February 9, 2022, Enlow received a notice from AT&T informing him that the Defendants had subpoenaed his AT&T communications and that it would produce them to the Defendants by February 23, 2022 unless he presented them with a legal filing that asserted his rights against the production. *Id*. at ¶ 68.

## Argument

Fed. R. Civ. P. 15(a)(2) permits a party to amend its pleading with the Court's leave, and it instructs courts to freely give leave to amend when justice requires amendment. Tim Enlow seeks to join this lawsuit as a plaintiff, and Plaintiff Jones seeks to amend his complaint both to add Enlow as a party and to elaborate on their identical claims.

Fed. R. Civ. P. 21 permits the Court to add a party on a party's motion. Fed. R. Civ. P. 20(a)(1) allows the joinder of a plaintiff if he "assert[s] any right to relief… with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."

This test has two prongs. First, courts examine whether the plaintiffs' claims bear a logical relation to each other. See *Malibu Media, LLC v. Does 1-11*, 286 F.R.D. 113, 115 (D.D.C. 2012). "The logicial relationship test is flexible because the imuplse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)) (internal quotation marks omitted). Second, courts look for some common question of law or fact as to all of the plaintiffs' claims, but do not require all legal and factual issues to be common to all the plaintiffs. *Id*. at 11.

Jones and Enlow meet these requirements with ease. First, Jones and Enlow claim that the subpoena issued to obtain Enlow's communications was merely a backdoor to obtain Jones' communications in the face of pending litigation seeking to protect those communications from the Defendants' eyes. Given the broad scope of the Defendants' investigation and their goals in pursuing information and documents from Jones and Enlow, there is a clear logical relationship between their claims because the Defendants seek to use Enlow as a gateway to Jones' communications regarding the events of January 6, 2021 and suspect Enlow of being involved as well. Rendering this relationship even more logical and clear is the New York Times' identification of "link-analysis" – an intelligence method reserved for terrorists – in the Defendants' investigation and its use

to obtain information and documents in the face of legal action to prevent them from doing so. **Exhibit A – Proposed Amended Complaint, ¶ 69.**

Second, as indicated by their proposed amended complaint that includes Enlow's claims, Enlow states claims identical to Jones' claims with respect to AT&T subpoenas and the potential to be held in criminal contempt of Congress. In other words, the Court's resolution of the legal questions for Jones' claims will resolve the legal questions for Enlow's claims.

Thus, permitting Jones to amend his complaint and Enlow to join it as proposed in **Exhibit A** will serve the interests of justice and judicial economy by consolidating identical legal claims arising from the same series of facts into one action.

Finally, the Defendants have not yet appeared, and they will not be prejudiced by the amending of the complaint and the adding of Enlow as a plaintiff. They will have ample time to respond, and neither Jones or Enlow will object to their request to file a motion for a reasonable extension of time to file responsive pleadings.

## Conclusion

For the foregoing reasons, Jones and Enlow ask the Court to permit them to file the attached amended complaint (**Exhibit A**) adding Enlow as a party.

> THE PLAINTIFF, ALEX EMRIC
> JONES, and TIM ENLOW
>
> /s/ Norman A. Pattis /s/
> NORMAN A. PATTIS, ESQ.
> PATTIS & SMITH, LLC
> 383 Orange Street
> New Haven, CT 06511
> Tel:  (203) 393-3017
> Fax: (203) 393-9745
> npattis@pattisandsmith.com

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on February 15, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_/s/ Norman A. Pattis /s/_