**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

ALEX EMRIC JONES,                       :
TIMOTHY D. ENLOW,                     :
                                                    :
         *Plaintiffs,*                          :         Dkt. No.: 1:21-cv-03316-CRC
                                                    :
v.                                                  :
                                                    :
SELECT COMMITTEE TO               :
INVESTIGATE THE JANUARY 6      :
ATTACK ON THE UNITED STATES   :
CAPITOL;                                        :
                                                    :       :
NANCY PELOSI, in her official        :
capacity as Speaker of the U.S.      :
House of Representatives;              :
                                                    :
BENNIE G. THOMPSON, in his official :
capacity as Chair of the Select        :
Committee To Investigate the January :
6th attack on the United States Capitol; :
                                                    :
ELIZABETH L. CHENEY, in her official :
Capacity as a member of the U.S.    :
House of Representatives;              :
                                                    :
ADAM B. SCHIFF, in his official       :
Capacity as a member of the U.S.    :
House of Representatives;              :
                                                    :
JAMES B. RASKIN, in his official      :
Capacity as a member of the U.S.    :
House of Representatives;              :
                                                    :
SUSAN E. LOFGREN, in her official   :
capacity as a member of the U.S.    :
House of Representatives;              :
                                                    :
ELAINE G. LURIA, in her official       :
capacity as a member of the U.S.    :
House of Representatives;              :
                                                    :
PETER B. AGUILAR, in his official     :
capacity as a member of the U.S.    :

House of Representatives;                    :


STEPHANIE MURPHY, in her official            :
Capacity as a member of the U.S.             :
House of Representatives;                     :
                                              :
ADAM D. KINZINGER, in his official           :
capacity as a member of the U.S.             :
House of Representatives;                     :
                                              :
            *Defendants.*                     :        AUGUST 2, 2022

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiffs respectfully submit this response to the Court's July 22, 2022 order to show cause why this action should not be dismissed for failure to effectuate service. Their failure to supply proper proof of service is attributable to excuseable neglect, not a willful disregard of their responsibilities under the Federal Rules of Civil Procedure. Save for Defendants Cheney, Schiff, Raskin, Lofgren, and Aguilar, the other Defendants were served on January 18, 19, and 25, 2022. The United States was served on August 2, 2022.

As of the filing of this motion, the Plaintiffs have cured their error in failing to provide adequate proofs of service, and they will supplement that proof of service as to the United States as soon as the Post Office provides them the capability to do that.

## RELEVANT FACTUAL BACKGROUND

Plaintiff Alex Jones initiated this action on December 20, 2021 and requested the Court to issue summons for the Defendants. The Court issued that summons on December 27, 2021. Attorney Cameron Atkinson – an associate at the undersigned's firm – immediately instructed his firm's office manager and paralegal to make arrangements

for service that same day. *See* **Exhibit A – Declaration of Cameron L. Atkinson, ¶ 5**. The undersigned's then-office manager provided the summons and complaint to a Connecticut process server on December 28, 2022 with instructions to serve them by certified mail on the Defendants. *Id*. at ¶ 6. She then abruptly resigned approximately a week later. *Id*. at ¶ 7.

The process server returned an attestation of service as to the Defendants on February 15, 2022, and the undersigned's then-paralegal filed them that same day. *Id*. at ¶ 8. The Court notified the undersigned on February 16, 2022 that the affidavit of service failed to provide proof of service and was deficient. *Id*. at ¶ 9.

Attorney Atkinson orally instructed the undersigned's then paralegal to obtain proof of delivery from the Connecticut process server that same week. *Id*. at ¶ 10. Communications apparently became difficult between the undersigned's paralegal and the process server, which resulted in a delay in obtaining the necessary documentation. *Id.* at ¶ 11.

Approximately a month after the February 16, 2022 notice, the undersigned's then-paralegal parted ways with his firm, and one of his associates resigned. *Id*. at ¶¶ 11-12. Their departures – unexpected and abrupt – left the undersigned and his colleagues scrambling to reallocate work, obtain proper front office support, and meet their own responsibilities. Thus, when the Court issued its March 2, 2022 order instructing the Plaintiffs to make proper service, the undersigned and his colleagues unintentionally lost track of it thereafter. *Id*. at ¶ 13.

The Court's July 22, 2022 order to show cause brought the issue to the Plaintiffs' attention again, and Attorney Atkinson and the undersigned's new paralegal tracked down

proofs of service in this matter. *Id*. at ¶ 14. The undersigned's paralegal located delivery confirmations for the mailings to serve the Defendant Committee and Defendants Pelosi, Thompson, Murphy, Kinzinger, and Luria on or about July 29, 2022. *Id*. at ¶¶ 14-15, 19. He also located a March 8, 2022 attestation of service from their process server reflecting the proofs of delivery from the United States Post Office. *Id*. at ¶ 15.

Attorney Atkinson then realized that his office had failed to make a mailing to serve the United States and, in an effort to comply with Fed. R. Civ. P. 4(i)(1), he mailed copies of the summons and complaint in this action to both the U.S. Attorney General and the U.S. Attorney for the District of Columbia on August 2, 2022. *Id*. at ¶ 17.

## **ARGUMENT**

At the outset, the Plaintiffs apologize for their delay in amending their affidavit of service, but their delay does not merit the dismissal of this action for failure to make proper service, especially since they have filed an amended proof of service and will supplement that with the proof of delivery information for the United States.

D.C. District Court LCvR. 5.3 establishes broad guidelines for the manner of proof of service. It requires a party to show the date and manner of service in a form that is satisfactory to the Court. It further provides that a failure to make proof of service does not affect the validity of service itself, and that the Court may allow the proof of service to be amended or supplied at any time unless it would unfairly prejudice a party.

Here, the record before the Court shows that the Plaintiffs properly served the Defendants – the Select Committee (Jan. 25, 2022); Defendants Pelosi, Thompson, Murphy, and Kinzinger (Jan. 18, 2022); and Defendant Luria (Jan. 19, 2022) – on the dates listed. They have been aware of this action for more than 6 months and subject to

its consequences during that time period. Those consequences are that the Select Committee cannot obtain the Plaintiffs' phone records as long as this case remains pending because the Plaintiffs' phone companies will forbear compliance with the Congressional subpoena as long as the litigation remains pending. The Defendants have shown no great interest in resolving that state of affairs despite being served with this action and the Committee's counsel being made of the action in discussions with the undersigned. It stands to reason that the Defendants will not incur prejudice if the Court accepts late proof of service on the grounds of excusable neglect, and it provides additional time to serve the remaining parties.

Why the United States was not served pursuant to Fed. R. Civ. P. 4 is a matter that neither Attorney Atkinson nor the undersigned can explain at this juncture. What they can represent to the Court is that they have made efforts to serve the United States pursuant to Fed. R. Civ. P. 4, and they will provide further proof of that if the Court desires as soon as the United States Post Office provides them with the items necessary to provide that proof.

The undersigned and his colleagues did not intentionally ignore the Court's orders. They experienced a complete turnover in their front office staff and the loss of an attorney. Those personnel issues caused some disorder, and the undersigned and his colleagues made attempts to the best of their ability to continue to follow up on this matter. The temporary disorder that they experienced, however, caused them to lose track of their need to amend their proofs of service.

They have largely cured their error and will soon complete its cure. Dismissing this case will not serve judicial efficiency in view of the Plaintiffs' efforts to comply after its

order to show cause. Thus, the Plaintiffs respectfully ask the Court not to dismiss this action for failure to make proper service.

The Plaintiff

/s/ Norman A. Pattis /s/
NORMAN A. PATTIS, ESQ.
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel:  (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com